IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**THE OHIO CASUALTY INSURANCE COMPANY**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 4:06CV139-P-B**

**INMAN CONSTRUCTION CORPORATION**
**and TRANSCONTINENTAL INSURANCE COMPANY**  **DEFENDANTS**

**ORDER**

This cause is before the Court on Inman Construction Corporation's Motion to Dismiss [9]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant's motion seeks dismissal of this declaratory judgment action pursuant to F.R.C.P. 19(b). The stated basis for the motion is Ohio Casualty's failure to join certain parties necessary to a fair and adequate adjudication of the coverage issues raised in the instant action. Codefendant Transcontinental Insurance Company opposes the relief requested. Although defendant's motion mentions several parties, only the State of Mississippi (hereafter "the State") is relevant to the disposition of the instant motion.

The State is the party plaintiff in an underlying state court action against the insurer's policy holder, Inman Construction Corporation.[1] Applicable Fifth Circuit precedent clearly recognizes the State of Mississippi's interest in the coverage issues before the Court. In Standard Accident

---

[1] The suit is pending in the Leflore County Circuit Court and is styled State of Mississippi ex rel Attorney General v. The Johnson-McAdams Firm, P.A., Civil Action No. 2005-0072-CICI.

Insurance Co. v. Meadows, the appellate court noted:

> It has been repeatedly held in this circuit and elsewhere that whether an insurer is bound . . . by a judgment against its insured, presents a controversy for a declaratory judgment as between it, its insured and the plaintiff in a damage suit against its insured and it [is] plain error to dismiss the state court plaintiffs from the suit.

125 F.2d 422, 423-24 (5th Cir. 1942). See also Central Surety & Insurance Corp. v. Norris, 103 F.2d 116, 116-117; Central Surety & Insurance Corp. v. Caswell, 91 F.2d 607, 609 (5th Cir. 1937). This is so notwithstanding the contingent nature of the injured party's interest. Georgia American Insurance Company v. Johnson, 712 F. Supp. 530, 533 (S.D. Miss. 1989).

Despite its substantial interest in the coverage question, the State is not amenable to suit in federal court.[2] Accordingly, the Court must undertake the scrutiny mandated by Rule 19(b). The Rule provides in pertinent part:

> If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

F.R.C.P. 19(b).

The Fifth Circuit's analysis of these factors in a similar factual context is indistinguishable from the situation presented by this case. In Ranger Insurance Company v. United Housing of New

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

2

Mexico, Inc., 488 F.2d 682 (5th Cir. 1974), the Court recognized the nonsensical nature of a suggestion "'that a declaration, in this Court, of liability or non-liability will have no practical effect upon the [claimants],' given the possibility . . . of their obtaining a judgment against the insured." Id. at 683. The Court elaborated on the point, observing:

> While a judgment in favor of the appellant probably would not operate to bar the absent claimants from proceeding under the policy's direct action clause, we are satisfied that the claimants' interests would be prejudiced. For example, they would have to contend with the *stare decisis* effect of such a judgment, or they might be forced to litigate its effect on the direct action clause.

Id.

The second and third factors also mitigate against litigating the coverage issue in the absence of the State:

> Conceivably the district court could shape relief to avoid seriously prejudicing the absent claimants, possibly by enjoining appellant from raising its judgment of noncoverage as a defense to a direct action. However, at this point the basic difficulty with appellant's case becomes apparent–either a judgment might prejudice the claimants, violating the first Rule 19(b) factor, or it would not be adequate to finally resolve the issue, violating the third Rule 19(b) factor. Neither alternative is acceptable.

Finally, as pointed out by defendant Inman and conceded by Ohio Casualty's counsel,[3] there is an alternative adequate remedy which is readily available to all of the

---

[3] Ohio Casualty's counsel filed no response to the instant motion; instead, counsel submitted a one paragraph letter stating:

> In response to the Motion to Dismiss filed by Inman Construction Corporation, and its Memorandum Brief in which it sought to dismiss this civil action filed by Ohio Casualty citing the pendency of the coverage issues in the Lefore County Circuit Court action, I advise Your Honor that Ohio Casualty is in agreement that this civil action may be dismissed without prejudice to the parties' rights to litigate the coverage issues in the state forum.

Letter dated November 20, 2006 and attached hereto as Exhibit A.

interested parties–resolution of the coverage question in the state forum.[4] Id.

In the face of such precedent, Transcontinental's opposition to Inman's motion to dismiss rings hollow and fails to persuade the Court of the State's dispensability.[5] Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that Inman Construction Corporation's Motion to Dismiss [9] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that this cause should be, and hereby is, DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the 11th day of May, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Inman availed itself of this remedy by filing a Third Party Complaint against Ohio Casualty in the state court action on October 25, 2006.

[5] "Where an initial appraisal of the facts reveals the possibility that an unjoined party is arguably indispensable, the burden devolves upon the party whose interests are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the Court." Boles v. Greenville Housing Authority, 468 F.2d 476, 478 (6th Cir. 1972).